IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RX SAVINGS, LLC, et al.,                )
                                        )
                    Plaintiffs,         )
                                        )
v.                                      )        Case No. 19-2439-DDC
                                        )
DOUGLAS BESCH, et al.,                  )
                                        )
                                        )
                    Defendants.         )

## ORDER and REPORT AND RECOMMENDATION

On October 15, 2018, plaintiff Rx Savings, LLC, filed a breach-of-contract action in the District Court of Johnson County, Kansas, asking for damages and injunctive relief against defendants Douglas Besch and Besch Holdings, LLC.[1]  On May 28, 2019, Rx Savings, LLC, added multiple plaintiffs – its individual owners, Dan Henry; David Shewmaker; Marcus #1, LLC; Carmel Strategies; and Jeffrey Carl Brown ("plaintiffs") – and they filed their first amended petition in state court against defendants Douglas Besch and Besch Holdings, LLC, as well as recently-joined defendants DR/Decision Resources, LLC, and Laxman Degala ("defendants").[2]  Defendants filed their answer on June 27, 2019, and asserted counterclaims against plaintiffs and counterclaim defendant Michael Rea.[3]

Plaintiffs filed a second amended petition on July 26, 2019, adding claims for

_____

[1] ECF No. 1-4.

[2] ECF No. 1-1.

[3] ECF No. 1-3.

tortious interference; unjust enrichment; unfair competition; breach of fiduciary duty; conversion; violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); civil conspiracy; and misappropriation of trade secrets.[4]   On July 30, 2019, asserting the statutory claim established federal-question subject-matter jurisdiction, defendants removed the case to this court.[5]   Plaintiffs-counterclaim defendants filed their reply to the counterclaims on August 9, 2019.[6]   On August 16, 2019, defendants filed their answer to plaintiffs' second amended petition, again asserting their counterclaims, including an additional defamation claim against counter-defendant Michael Rea.[7]

On September 6, 2019, plaintiffs filed a motion to strike defendants' counterclaims (ECF No. 13).   Defendants filed their opposition to the motion to strike on September 17, 2019 (ECF No. 17) and simultaneously filed a motion for leave to join the counterclaim defendant and add counterclaims (ECF No. 18).   The court raised these issues with the parties at the September 26, 2019 scheduling conference.   With plaintiffs' counsel's agreement, the court denied plaintiffs' motion to strike as moot in light of defendants' motion for leave to join the counterclaim.[8]

For the reasons below, the court grants defendants' motion for leave to join Michael

---

[4] ECF No. 1-1.

[5] ECF No. 1.

[6] ECF No. 3.

[7] ECF No. 10.

[8] ECF No. 26.

Rea as a counter-defendant in the fraud and breach-of-fiduciary-duty claims. However, the court recommends the presiding U.S. District Judge, Daniel D. Crabtree, deny defendants' motion for leave to add a defamation claim.

Joinder of Michael Rea for Fraud and Breach of Fiduciary Duty Claims

Under Fed. R. Civ. P. 13(h) and 20, joinder of a non-party to a counterclaim is authorized if "(a) they assert any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all will arise in the action."[9] The claims against Michael Rea clearly arise out of the same transactions giving rise to plaintiffs' claims against other defendants. Defendants assert their securities fraud and common law fraud counterclaims against Mr. Rea and all other plaintiffs; defendants assert the breach of fiduciary duty claim against Mr. Rea and Mr. Henry.[10] Based on the factual record at this point, the court agrees the same series of transactions or occurrences apply to Mr. Rea as to other plaintiffs-counterclaim defendants, and at least some common questions or law or fact will arise as to all counterclaim defendants. Leave should therefore be granted to join Mr. Rea as a counterclaim defendant.

Plaintiffs also oppose defendants' motion on the basis that the proposed joinder and amendment would be futile. Specifically, plaintiffs argue the proposed fraud and fiduciary duty claims against Mr. Rea would be subject to dismissal because defendants have failed

---

[9] Fed. R. Civ. P. 13(h); Fed. R. Civ. P. 20(a)(2).

[10] ECF No. 1-3.

3

to plead them with particularity and have failed to assert facts for which relief can be granted.[11]

Under Fed. R. Civ. P. 15(a)(2), leave to amend should "be freely given when justice so requires." Although courts usually consider several factors in determining whether to grant leave to amend a pleading, the only factor potentially weighing against allowing the proposed amended counterclaim is whether such amendment would be futile, i.e., there's no issue here of undue delay or bad faith by defendants, nor any undue prejudice plaintiffs would suffer if the amendment were allowed.

To justify denying leave to amend on the basis of futility, "the proposed amendment must be clearly futile," meaning it wouldn't withstand a motion to dismiss for failure to state a claim upon which relief may be granted.[12] If the amendments on their face are not clearly futile, denial of leave to amend is improper.

The undersigned magistrate judge has reviewed the counterclaims against Mr. Rea for fraud and breach of fiduciary duty and is unpersuaded that allowing defendants leave to assert those counterclaims would be clearly futile. Of course, although a complaint need

---

[11] ECF No. 22.

[12] *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1192 (D. Kan. 2018); *Zack v. Hartford Life & Accident Ins. Co.*, No. 01-2430-JAR, 2002 WL 538851, at *2 (D. Kan. Mar. 20, 2002) (citing 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1487, at 637–43 & n. 23 (2d ed.1990)).

not contain detailed factual allegations, it must offer more than labels and conclusions.[13]
The issue in resolving a motion such as this is "not whether [the] party will ultimately
prevail, but whether the claimant is entitled to offer evidence to support the claims."[14]
"That the party asserting the claim may be unable to prove facts supporting its new claim
is not a valid reason" to deny leave to amend to add a counterclaim.[15]

Claims for fraud "must describe with specificity the circumstances constituting
fraud, including the time, place, and content of false representations, the identify of the
person making the representation, and what was obtained or given thereby."[16]  The
undersigned magistrate judge finds that the allegations of fraud as to Mr. Rea are set forth
with specificity in defendants' answer and counterclaims.[17]  Defendants reasonably allege
circumstances constituting fraud and Mr. Rea's alleged involvement, including specific
incidents and statements they allege were fraudulent.

Similarly, the undersigned magistrate judge finds that defendants reasonably allege
facts supporting a claim for breach of fiduciary duty.  "[T]he essential elements of a breach

---

[13] *Strasburg-Jarvis, Inc. v. Radiant Sys., Inc.*, No. 06-2552-KHV, 2008 WL 11383396, at
*2 (D. Kan. May 12, 2008).

[14] *Id.*

[15] *Digital Ally, Inc. v. DragonEye Tech., LLC*, No. 13-CV-2290 CM/TJJ, 2014 WL
2865592, at *4 (D. Kan. June 24, 2014).

[16] *Id.* (citing *Smith v. MCI Telecomm'ns. Corp.*, 678 F. Supp. 823, 825 (D. Kan. 1987)).

[17] ECF No. 10.

of fiduciary duty claim are duty, breach, causation, and damages."[18]  Based on defendants' allegations related to the elements of this claim, this claim isn't clearly futile.  Therefore, defendants should be allowed to assert counterclaims for fraud and breach of fiduciary duty against Mr. Rea.  Of course, despite today's ruling, plaintiffs-counterclaim defendants will have additional opportunities to respond to the counterclaims once filed, e.g., they are free to reassert their arguments that the fraud and breach-of-fiduciary-duty counterclaims are futile via a Rule 12(b)(6) motion which will be decided by Judge Crabtree.

Defamation Claim

Plaintiffs further argue the proposed defamation claim would also be subject to dismissal because defendants have not adequately pleaded with specificity and have not adequately alleged damages.[19]  Under Fed. R. Civ. P. Rule 13(e), the court "may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."  As alleged, the events giving rise to the defamation counterclaim occurred in July 2019, and defendants added the counterclaim (albeit without seeking leave to do so) in their next responsive pleading.

In reviewing the defamation counterclaim, the undersigned magistrate judge agrees with plaintiffs and recommends that Judge Crabtree deny defendants' motion because the

---

[18] *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2018 WL 1523099, at *9 (D. Kan. Mar. 28, 2018), *aff'd*, 758 F. App'x 640 (10th Cir. 2018).

[19] *Id.*

claim is clearly futile.[20]   The elements of defamation include "false and defamatory words, communicated to a third person, which results in harm to the reputation of the person defamed."[21]   Under Kansas law, which the parties agree governs this case, a party must allege and prove actual damages to have a cognizable claim for defamation – and, importantly, a party "may no longer rely on the theory of presumed damages."[22]

To rule on this issue, it is necessary to address in some detail defendants' reply, which cites two cases from the District of Kansas.  Defendants argue they do not need to allege or prove special damages when the alleged defamatory statements constitute defamation per se.[23]  The statements at issue, involving allegations of criminal misconduct and unfitness as to trade and profession,[24] do fall into what has historically been categorized as defamation per se.[25]  Defendants cite *Heckman v. Zurich Holding Co.*, No. 06-2435-

---

[20] A magistrate judge's order denying a motion to amend is a dispositive ruling, which is the why the undersigned issues a report and recommendation to the district judge rather than deciding the issue outright.  *See Cuenca v. Univ. of Kansas*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).

[21] *Ablulimir v. U-Haul Co. of Kansas*, No. 11-4014-EFM, 2011 WL 2731774, at *3 (D. Kan. July 13, 2011) (citing *Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. Ct. App. 2008)).

[22] *Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1266, 1271–72 (D. Kan. 2012) (citing *Wright v. Bachmurski*, 29 P.3d 979 (Kan. Ct. App. 2001)); *Fisher v. Lynch*, 571 F. Supp. 2d 1230, 1233 (D. Kan. 2008).

[23] ECF No. 29.

[24] ECF Nos. 10, 29.

[25] *Kraisinger v. Liggett*, 592 P.2d 477, 479 (Kan. Ct. App. 1979).

KHV, 2007 WL 677607 (D. Kan. Feb. 28, 2007), where the court allowed the plaintiff to proceed on a claim of defamation per se and did not require special damages to be pleaded. The *Heckman* court cited *Gomez v. Hug*, 645 P.2d 916 (Kan. Ct. App. 1982), which was decided in June 1982 and made the distinction between defamation per se and defamation per quod, as defendants argue. Defendants also cite *Gilmore v. L.D. Drilling, Inc.*, No. 16-2416-JAR, 2017 WL 5904034 (D. Kan. 2017), whose reasoning follows the *Gomez* and *Heckman* cases and cites them as precedent.

But the *Gomez* court, decided in June 1982, came two months before *Gobin v. Globe Pub. Co.*, 649 P.2d 1239 (Kan. 1982), which was decided in August 1982. In *Gobin*, the Kansas Supreme Court established "an immediate change in the rule in Kansas and in those other states which presumed damages upon the establishment of libel per se, and permitted recovery based upon that presumption. Damages recoverable for defamation may no longer be presumed; they must be established by proof, no matter what the character of the libel." [26]

The court acknowledges defendants' cases are cited in good faith and do appear to be good law. But the undersigned believes the *Heckman* and *Gilmore* cases inaccurately state the present defamation law of Kansas. The vast majority of Kansas cases, since *Gobin*, have held Kansas does not have a distinction between defamation per se and

———————————————

[26] *Gobin v. Globe Pub. Co.*, 232 Kan. 1, 5, 649 P.2d 1239, 1242 (1982).

defamation per quod.[27]   The Tenth Circuit explained the evolution of Kansas law in *Polson v. Davis*, 895 F.2d 705 (10th Cir. 1990):

> It is true that Kansas once followed the common law in dividing defamation into two types: defamation per se and defamation per quod. *Gobin v. Globe Publishing Co.*, 232 Kan. 1, 649 P.2d 1239, 1242 (1982). Defamation per se, which included, *inter alia*, statements that impugned the defamee's competence in her trade or profession, did not require proof of actual damages for a finding of liability. Instead, damage was presumed from the nature of the statement [citing *Polson v. Davis*, 635 F.Supp. 1130 (D. Kan. 1986)]. On the other hand, defamation per quod required proof of actual damages for a finding of liability. The parties do not dispute, as a matter of law, that the statements at issue here fall into the traditional defamation per se category. So the issue that remains is whether Kansas still recognizes defamation per se as a separate type of defamation.

> Plaintiff has failed to persuade us that the district court erred in its interpretation of Kansas law. In *Gobin*, the Kansas Supreme Court abolished the distinction between defamation per se and defamation per quod. Citing *Gertz v. Robert Welch Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the court stated, "Damages recoverable for defamation may no longer be presumed; they must be established by proof, no matter what the character of the libel." *Gobin,* 649 P.2d at 1242.[28]

With that context, courts in this district have held "generic allegations of reputational injury are insufficient to meet the requirement of Fed. R. Civ. P. 9(g) that

---

[27] *Zoeller v. Am. Family Mut. Ins. Co.*, 834 P.2d 391, 395 (Kan. Ct. App. 1992) (holding, in light of *Gobin*, "Kansas no longer permits recovery based upon the establishment of slander per se. Like the trial court, we are of the opinion that in Kansas any plaintiff in a defamation action must allege and prove actual damages and may no longer rely on the theory of presumed damages."); *Woodmont Corp. v. Rockwood Ctr. P'ship*, 811 F. Supp. 1478, 1483 (D. Kan. 1993) (explaining the Kansas Supreme Court changed the previous rule that damages are presumed in defamation per se cases in *Gobin*).

[28] *Polson v. Davis*, 895 F.2d 705, 708 (10th Cir. 1990).

claims of special damage be definitely alleged."[29]  Conclusory allegations that defendants'

reputations have been harmed, with no support in the pleadings, fail to establish a valid

claim for defamation.[30]  The rule in Kansas is clear that "damage to one's reputation is the

essence and gravamen of an action for defamation.  Unless injury to reputation is shown,

[a party] has not established a valid claim by defamation, by either libel or slander, under

our law."[31]  Defendants must first offer the harm to reputation; any "claim for mental

anguish is parasitic and only compensable only after damage to reputation has been

established."[32]

---

[29] *Garcia*, 890 F. Supp. 2d at 1271–72 (holding that an allegation stating the claimed injury was "of a nature which would tend to deprive [the plaintiff] of the benefits of public confidence and social acceptance" fell short of "actually alleging any specific injury to [the plaintiff's] reputation") (citing *Droge*, 180 P.3d at 1097 (upholding dismissal of action under *Gobin*, where plaintiff "never claimed harm to his reputation"); *Classic Communications v. Rural Telephone Service,* 995 F.Supp. 1185, 1188 (D.Kan.1998) ("[t]o state a claim for defamation under Kansas law, the plaintiff must plead ... harm to the reputation of the person defamed"); *Fisher v. Lynch*, 571 F.Supp.2d 1230, 1233 (D. Kan. 2008) (Kansas law requires the plaintiff plead and prove "actual damage to his reputation")).

[30] *Ablulimir*, 2011 WL 2731774, at *3 (holding that wrongful statements to the plaintiff that the unclean condition of her company vehicles was grounds for termination were inadequate to establish damage to the plaintiff's reputation without further support in the pleadings); *see also Snyder v. Am. Kennel Club*, 661 F. Supp. 2d 1219, 1239 (D. Kan. 2009), *aff'd*, 402 F. App'x 397 (10th Cir. 2010) (citing *Lindemuth v. Goodyear Tire and Rubber Co.*, 864 P.2d 744 (Kan. Ct. App. 1993)) (explaining that a plaintiff in a defamation action must show how his or her true reputation in the community of his or her residence has been affected).

[31] *Ablulimir*, 2011 WL 2731774, at *3 (citing *Gobin*, 649 P.2d at 1243).

[32] *Gobin*, 649 P.2d at 1244 (Kan. 1982).

Here, defendants have merely alleged in their counterclaim that, because of plaintiffs' "false and defamatory statements, [defendants] have suffered significant damages, including, but not limited to, reputation harm and emotional distress."[33] Nothing in the pleading appears to clarify the nature or scope of the reputational harm or what the specific injury actually is. Under *Gobin*, which the undersigned finds to be the controlling law in Kansas, defendants must plead special damages, even if they are alleging defamation per se. The conclusory allegation that defendants have experienced reputational damage is insufficient to establish their reputation was damaged.

Defendants are hereby informed that, within 14 days after they are served with a copy of this report and recommendation, they may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Defendants must file any objections within the 14-day period allowed if they want to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

IT IS THEREFORE ORDERED that defendants' motion for leave to join counterclaim defendant and add counterclaims (ECF No. 18) is granted as to the fraud and breach-of-fiduciary duty claims.

---

[33] ECF No. 10 at ¶ 56.

11

IT IS FURTHER RECOMMENDED that Judge Crabtree deny defendants' motion for leave to add a defamation claim.

Dated October 11, 2019, in Kansas City, Kansas.

                    s/ James P. O'Hara
                    James P. O'Hara
                    U.S. Magistrate Judge