IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RX SAVINGS, LLC, et al.,

    Plaintiffs,

v.

DOUGLAS BESCH, et al.,

    Defendants.

Case No. 19-2439-DDC-JPO

# MEMORANDUM AND ORDER

This matter comes before the court on Judge O'Hara's Report and Recommendation (Doc. 32) and defendants Douglas Besch, Besch Holdings, LLC, and Laxman Degala's Second Motion for Leave to Add Counterclaim (Doc. 41). As explained below, the court concludes that Judge O'Hara did not err when he recommended that the court deny defendants' motion for leave to assert a counterclaim for defamation. Thus, the court affirms Judge O'Hara's decision. Also, the court grants defendants' Second Motion for Leave to Add Counterclaim (Doc. 41).

## I.    Factual and Procedural Background

Plaintiff RX Savings, LLC filed this breach-of-contract action in Johnson County District Court on October 15, 2018. Plaintiff sought injunctive relief and damages against defendants Douglas Besch and Besch Holdings, LLC. Later, plaintiff RX Savings, LLC added its individual owners as plaintiffs: Dan Henry, David Shewmaker, Marcus #1, LLC, Carmel Strategies LLC, and Jeffrey Carl Brown. And, plaintiffs also joined DR/Decision Resources, LLC d/b/a DRG/Adaptive and Laxman Degala as defendants. Defendants answered the Petition on June

27, 2019, asserting counterclaims against plaintiffs and adding claims against Michael Rea.[1]
Plaintiffs filed a Second Amended Petition, asserting claims for tortious interference, unjust enrichment, unfair competition, breach of fiduciary duty, conversion, violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), civil conspiracy, and misappropriation of trade secrets. Defendants removed the case to the United States District Court asserting federal question jurisdiction on July 30, 2019. Doc. 1. On August 9, 2019, counterclaim defendants replied to the counterclaims. Doc. 3. Defendants answered plaintiffs' Second Amended Petition on August 16, 2019, asserting counterclaims, and an additional defamation claim against Michael Rea. Doc. 10.

Plaintiffs moved to strike defendants' Counterclaims, which defendants opposed. Doc. 13. But, defendants also filed a motion for leave to join the Counterclaim defendant and add Counterclaims. Doc. 18. After conferring with the parties, Judge O'Hara denied plaintiffs' motion to strike as moot because defendants had moved for leave to join the Counterclaim. Doc. 26. Also, Judge O'Hara granted defendants' motion to join Michael Rea. Doc. 32 at 3–6. But, Judge O'Hara recommended that the district court deny defendants' motion for leave to add a defamation claim to their Counterclaim. *Id.* at 6–11.

Defendants did not file an objection to Judge O'Hara's Report and Recommendation. Instead, defendants filed a Second Motion for Leave to Add Counterclaim, claiming this amendment, if allowed, would cure the defects Judge O'Hara had articulated in his Report and Recommendation (Doc. 41). Plaintiffs oppose defendants' Second Motion (Doc. 49), and defendants have replied (Doc. 53).

---

[1]     Defendants refer to Michael Rea as a "counterclaim defendant" in their Answer. Doc. 1-3 at 1.

## II. Judge O'Hara's Report and Recommendation

Judge O'Hara recommended that the district court deny defendants' motion for leave to add a defamation claim because the claim was futile under Kansas law. Doc. 32 at 6–7. Judge O'Hara concluded that "a party must allege and prove actual damages to have a cognizable claim for defamation" and cannot rely on the theory of presumed damages. *Id.* at 7. Because defendants' proposed defamation did not plead damages adequately, Judge O'Hara recommended the court deny defendants' motion because the defamation claim was "clearly futile." *Id.*

To date, no party has filed an objection to Judge O'Hara's Report and Recommendation, nor has any party asked to extend the time to object. Because no one has filed an objection to the Report and Recommendation within the time prescribed by Rule 72, and no party has sought an extension of time to object, the court can accept, adopt, and affirm the Report and Recommendation in its entirety. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

After de novo review, the court finds that Judge O'Hara's interpretation of Kansas law did not err. And the court thus accepts, adopts, and affirms Judge O'Hara's Report and Recommendation that the district court deny defendants' motion for leave to add a defamation counterclaim.

With that work finished, the court now turns to defendants' Second Motion for Leave to Add Counterclaim.

### III. Standard of Review

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleadings in one of two ways: (A) first, as a matter of course within 21 days after serving it, or (B) second, within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)–(B). Outside those periods, any amendment to the pleadings requires leave, and courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In contrast, a court should refuse to grant leave to amend on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies . . . , or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

The decision whether to grant leave to amend is within the court's sound discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). When exercising this discretion, "the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities." *Bank Midwest, N.A. v. Millard*, No. 10-2387-JAR-DJW, 2012 WL 4006423, at *1 (D. Kan. Sept. 12, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)). Also, the court must remember that the Federal Rules of Civil Procedure "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As this court and other federal courts have explained time and again, "[t]his discretionary approach of the federal rules fosters a full adjudication of the merits of the parties' disputes within a single comprehensive proceeding." *First Savings Bank, F.S.B. v. U.S. Bancorp*, 184 F.R.D. 363, 368 (D. Kan. 1998) (quoting *Katzman v. Sessions*, 156 F.R.D. 35,

38 (E.D.N.Y. 1994)). The purpose is to "'promote as complete an adjudication of the dispute between the parties as is possible.'" *Id.* (quoting *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986)).

## IV. Analysis

Defendants have filed a Second Motion for Leave to Add Counterclaim. Doc. 41. They again ask the court for leave to add a defamation claim against Michael Rea. Defendants assert their new proposed counterclaim "cures[s] any purported defects" with the claim that Judge O'Hara identified in his Report and Recommendation. Doc. 42 at 3. Plaintiffs again oppose defendants' motion, asserting defendants' defamation claim is futile and that the challenged statements are subject to privilege. Doc. 49. And, plaintiffs argue, defendants' proposed amended counterclaim fails to cure the deficiencies outlined in Judge O'Hara's Report and Recommendation. But in contrast, plaintiffs never argue the court should deny defendants' motion for undue delay, undue prejudice, or bad faith.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted). "[A] district court is justified in denying a motion to amend if the amendment would be futile because it cannot withstand a motion to dismiss or otherwise fails to state a claim." *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995); *see also Little v. Portfolio Recovery Assoc., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013); *Katzman*, 156 F.R.D. at 38.

To state a claim for defamation under Kansas law, a plaintiff must allege facts capable of supporting the following elements: (1) false and defamatory words; (2) that were communicated to a third party; and (3) resulted in harm to the reputation of the person defamed. *Luttrell v.*

*United Tel. Sys. Inc.*, 683 P.2d 1292, 1293 (Kan. Ct. App. 1984); *see also Dominguez v. Davidson*, 974 P.2d 112, 117 (Kan. 1999). Kansas no longer permits parties to presume damages, "no matter what the character of the libel." *Gobin v. Globe Pub. Co.*, 649 P.2d 1239, 1242 (Kan. 1982); *see also Zoeller v. Am. Family Mut. Ins. Co.*, 834 P.2d 391, 395 (Kan. Ct. App. 1992) ("[I]n Kansas any plaintiff in a defamation action must allege and prove actual damages and may no longer rely on the theory of presumed damages."); *In re Rockhill Pain Specialists, P.A.*, 412 P.3d 1008, 1025 (Kan. Ct. App. 2017) (collecting cases). Also, a defamation plaintiff must allege more than conclusory claims of reputational injury. *See Gobin*, 649 P.2d at 1242. This requirement means the proponent "must show how his or her true reputation in the community . . . has been affected." *Snyder v. Am. Kennel Club*, 661 F. Supp. 2d 1219, 1239 (D. Kan. 2009) (quoting *Lindemuth v. Goodyear Tire and Rubber Co.*, 864 P.2d 744, 751 (Kan. Ct. App. 1993) (internal quotations omitted)).

In their proposed Counterclaim, defendants allege Michael Rea made defamatory statements about them at employee meetings in September 2018 and on July 2, 2019, and separately, to shareholders in communications on July 8, 2019 and July 26, 2019. Defendants now seek leave to plead that they have "suffered significant harm to their reputations as a result of . . . defamatory statements made about them." Doc. 42-1 at 6–7. Defendants describe their relationships with plaintiffs' employees and describe themselves as "highly regarded" by colleagues and the community. *Id.* And, defendants' putative amendment would allege, "former colleagues and friends . . . have stopped communicating and associating with them because of the false statements made by [plaintiffs], and their reputations in their professional community for honesty, integrity, and professionalism have suffered." *Id.* As a result, defendants say, they

have suffered "significant emotional distress." *Id.* at 7.  Defendants also assert Kansas law does not require proof of damages if the statements are "defamatory per se."  Doc. 53 at 5.

Plaintiffs' response contends the court should deny defendants' proposed Counterclaim for two reasons.  First, it does not cure the same defects that Judge O'Hara identified.  And second, they assert the alleged defamatory statements are subject to privilege.  The court addresses each argument in turn below.

*First*, plaintiffs argue defendants have not cured the defects Judge O'Hara identified in his Order.  Specifically, plaintiffs contend defendants fail to allege "injury of a pecuniary nature" and "have not adequately pleaded special damages."  Doc. 49 at 11.  Plaintiffs assert that defendants merely have "generally alleged 'harm to their reputations,' the loss of friends, and 'significant emotional distress.'"  *Id.* (quoting Doc. 41-1 at 6–7).  Plaintiff cites *Woodmount Corp. v. Rockwoods Center Partnership*, 811 F. Supp. 1478 (D. Kan. 1993), for the proposition that defendants must name customers "whose business was lost as a result of the [defamatory] statement . . . ."  *Woodmount*, 811 F. Supp. at 1484.  Though they do not say it explicitly, plaintiffs seem to argue that defendants' proposed amended counterclaim is futile because it fails to allege facts specifying injury to their reputations.  Instead, according to plaintiffs, defendants again assert no more than conclusory allegations that their reputations were harmed by alleged defamatory statements.  And, thus, plaintiffs urge the court to deny defendants' motion again because the defamation claim is futile.

Defendants reply that they may plead "actual injury" without relying on out-of-pocket loss.  Doc. 53 at 3 (quoting *Moran v. State*, 985 P.2d 127, 138 (Kan. 1999)).  And, defendants contend, "[t]here need be no evidence which assigns a dollar value to the injury."  *Id.*  Instead, defendants assert that they may rely on reasonable inferences and their own observations as

7

"suitable . . . proof of harm" to their reputation. *Id.* (citing *In re Rockhill Pain Specialists, P.A.*, 412 P.3d at 1024). At bottom, defendants contend they have alleged what Kansas law requires.

The court concludes that defendants' proposed amended counterclaim is not futile. They would now plead that former friends and colleagues "have stopped communicating and associating with them," and that "their reputations in their professional community for honesty, integrity, and professionalism have suffered" because of Mr. Rea's false statements. Doc. 42-1 at 6–7. Defendants also allege that their reputations were harmed and support this conclusion with the fact that their friends and colleagues stopped communicating with them. These allegations assert facts sufficient to support a claim that their reputations were harmed.

*Second*, plaintiffs assert the alleged defamatory statements are privileged. Plaintiffs contend that the statements were made near in time to when plaintiffs learned that Mr. Besch started working at another company. Plaintiffs assert that they sent a letter to Mr. Besch on September 13, 2018, "advising that he was in breach of the Unit Purchase Agreements" and demanding "that he terminate his employment and cease all business activities for [the other company.] Doc. 49 at 11–12. Plaintiffs also argue the July 2019 statements occurred after the lawsuit was filed and "involve[ ] the very claims that [p]laintiffs have asserted in the litigation." *Id.* at 12. Plaintiffs assert that "[a] party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or … during the course and as part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." *Id.* at 12 (quoting Restatement (Second) of Torts § 578 (1977)). Thus, plaintiffs assert—albeit indirectly—that because the alleged statements were made about this lawsuit they are absolutely privileged.

8

Defendants reply that the alleged defamatory statements are not within any privilege because they were not made as part of a judicial proceeding. A judicial proceeding, according to defendants, does not include statements made outside of "court documents, attorney conferences," or other related matters. Doc. 53 at 7 (quoting *Kleier Advertising, Inc. v. Premier Pontiac, Inc.*, 921 F.2d 1036, 1043 (10th Cir. 1990) (holding that the privilege described in Section 587 of the Restatement (Second) of Torts "extends only to communications made in court documents, attorney conferences and other matters officially related to court proceedings.")). And, defendants assert, neither Kansas courts nor the Tenth Circuit has interpreted the judicial proceeding privilege to include out-of-court statements.

The court agrees with defendants. Under Kansas law, "if a statement or communication, given in the course of a judicial proceeding, is relevant to the issue involved . . . it is privileged." *Clear Water Truck Co. v. M. Bruenger & Co.*, 519 P.2d 682, 685 (Kan. 1974). This privilege extends to "anything published in relation to a matter at issue in court, whether said in pleadings, affidavits, depositions or open court." *Id.* (quoting *Froelich v. Adair*, 516 P.2d 993, 997 (Kan. 1973)). But, no Kansas court has extended this privilege to reach statements made *about* a legal proceeding *outside* of court. And, the court declines to do so here. The alleged defamatory statements here were not made as part of a judicial proceeding. And the fact that the statements commented on a judicial proceeding does not shield the speaker from all potential liability. The court thus rejects plaintiffs' privilege argument and grants defendants' Second Motion for Leave to Amend.

V.   **Conclusion**

The court affirms Judge O'Hara's Report and Recommendation recommending that the district court deny defendants' motion for leave to add a defamation claim. No party has

objected to Judge O'Hara's Recommendation.  And, after reviewing Judge O'Hara's Report and Recommendation, the court concludes it was not clearly erroneous or contrary to law.

Separately, the court also grants defendants' Second Motion for Leave to Amend (Doc. 41).  The court concludes the proposed amendment is not futile because it alleges facts to support the conclusion that defendants' reputations were harmed.  And the court concludes the alleged defamatory statements are not necessarily protected by the judicial proceeding privilege.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Judge O'Hara's Report and Recommendation (Doc. 32) is adopted.

**IT IS FURTHER ORDERED THAT** defendants' Motion for Leave to Add Counterclaim (Doc. 18) is denied for the defamation claim.

**IT IS FURTHER ORDERED THAT** defendants' Second Motion for Leave to Add Counterclaim (Doc. 41) is granted.

**IT IS SO ORDERED.**

**Dated this 20th day of December, 2019, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**