IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RX SAVINGS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 2:19-cv-2439-DDC |
| DOUGLAS BESCH, et al., | ) ) ) |
| Defendants, | ) ) ) |
| v. | ) ) |
| MICHAEL REA, | ) ) |
| Counterclaim Defendant. | ) |

## AGREED PROTECTIVE ORDER

Plaintiffs' claims in this case generally allege that Defendants Douglas Besch ("Besch") and Besch Holdings, LLC breached a non-compete agreement entered into in connection with Besch's sale of his equity interest in Plaintiff Rx Savings, LLC ("Rx Savings") and that Defendant Laxman Degala misappropriated confidential information from Rx Savings when he left the company and shared it with Besch and his new employer Defendant DR/Decision Resources, LLC ("DRG"). Defendants have asserted counterclaims against Plaintiffs and Counterclaim Defendant Michael Rea, Chief Executive Officer and a Director of Rx Savings, for securities fraud, common law fraud, breach of fiduciary duty, unjust enrichment, and defamation. The parties agree that given the nature of the claims in the pending litigation, which implicate the parties' respective sensitive commercial and proprietary information, it may be necessary to disclose Confidential Information during the course of discovery. The parties further agree that certain categories of such information should be treated as confidential, protected from disclosure outside this case, and used only for purposes of prosecuting or defending this action

and any subsequent litigation or appeals. The parties jointly request that this Agreed Protective Order be entered to limit the disclosure, dissemination, and use of certain identified categories of Confidential Information.

In support of their request, the parties assert that protection of the identified categories of Confidential Information is necessary to guard against the disclosure of sensitive and proprietary business, financial, and tax information, which could be harmful to the parties, as well as nonparties.

For good cause shown under Fed. R. Civ. P. 26(c), the Court herby enters the following Agreed Protective Order:

**1.** **Scope.** All documents and materials produced in the course of discovery in this litigation, including any documents produced by third parties or non-parties in response to subpoenas, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (collectively, "documents") are subject to this Order as set forth below.

**2.** **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party, in good faith, designates as having been previously maintained in a confidential manner and indicates should be protected from disclosure and use outside the case because any such disclosure and use is restricted by applicable law or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents: (a) documents containing intellectual property, non-public insider information, trade secrets, confidential commercial information, including, without limitation, income and profits, and other proprietary or sensitive business information; and (b) documents covered by contractual confidentiality provisions with

third parties. If it later becomes apparent that other categories of documents and information should be subject to a protective order, the parties will confer and seek an amendment to this Order as appropriate.

None of the parties agrees to produce anything in response to this Order that is not otherwise already discoverable in this litigation, and nothing in this Order shall be used by the parties to argue that any matter is discoverable that would not otherwise already be discoverable in the absence of the Order.

Information and documents that have been produced, disclosed, or made available to the public in the past, and not through a violation of this or any other Order, may not be designated as Confidential Information absent a showing of good cause.

3.  **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document.

As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, although indices, electronic databases, or lists of records that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

Where a producing party designates previously produced documents as containing Confidential Information, it will provide additional copies of the previously produced documents with the required markings. Upon receipt of the additional copies that comply with the procedures set forth above, the receiving party will immediately return to the producing party the previously produced documents, or alternatively, will destroy all such documents.

4. **Inadvertent Failure to Designate.** An inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, provided that any such claim is asserted within fourteen business days after discovery of the inadvertent failure.

5. **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and any exhibits to be protected.

When documents or information disclosed during a deposition are designated as Confidential Information at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript as set forth above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Information that cannot conveniently be segregated from non-confidential material, any party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Information.

Attorneys' Eyes Only information is subject to the additional requirement that counsel request any client representatives to leave the deposition before the Attorneys' Eyes Only information is used. That portion of the transcript shall be separately transcribed and labeled as Attorneys' Eyes Only.

**6.    Protection of Confidential Material.**

**(a)    General Protections.**  Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this litigation, including any subsequent appeals.

**(b)    Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior Order of the Court, materials marked "CONFIDENTIAL" or may only be disclosed to the following persons:

(i)    Any party to the litigation who is an individual.

(ii)   The receiving party's counsel of record in this action, as well as counsel's employees to whom it is reasonably necessary to disclose the information for this litigation.

(iii)  The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this case.

(iv) Retained or specially-employed outside expert witnesses or consultants of the receiving party to whom disclosure is reasonably necessary for this case and who have signed the Agreement to Be Bound by Protective Order attached as Exhibit A ("Agreement").

(v) The Court and Court personnel, including any special master appointed by the Court, and members of the jury.

(vi) Court reporters, recorders, and videographers engaged for depositions.

(vii) Any mediator appointed by the Court or jointly selected by the parties.

(viii) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this case.

(ix) The author or recipient of the document or the original source of the information.

**(c) Who May View Designated Confidential – Attorneys' Eyes Only Information.** A Party may designate as "CONFIDENTAL – ATTORNEYS' EYES ONLY" any Confidential Information that it reasonably and in good faith believes is of such a highly sensitive, competitive or confidential nature that disclosure to persons other than those listed below would result in demonstrable harm:

**(i)** Outside counsel for any party engaged in this litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this action;

**(ii)** Experts and consultants retained by counsel for the receiving party for the conduct of the action so long as they first sign the Agreement, which shall be retained by counsel.

**(iii)** A party's outside service providers and consultants regarding document and ESI processing, hosting, review, and production, which includes any e-Discovery consultants and trial consultants.

**(iv)** A deponent who is the author, bona fide recipient, or is reasonably expected to possess knowledge of the information discussed in the document, but only in connection with the preparation for or during the course of a noticed deposition in this action, and provided that the deponent has executed the Agreement. A deponent, by virtue of that status alone, shall not be entitled to access or view any Confidential Information that he or she cannot otherwise access or view under the other provisions of this Order;

**(v)** A court reporter and videographer in the course of a deposition in this case;

**(vi)** The Court, other Court personnel (including court reporters), and the trier of fact if appropriate action is taken to protect the Confidential Information;

**(vii)** If necessary for making case-related decisions, a party's attorney may communicate to a client representative a summary of documents marked Confidential – Attorneys' Eyes Only.

**(d)** **Control of Documents**. The parties must take reasonable, good faith efforts to prevent the unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

**7.** **Filing of Confidential Information.** In the event a party seeks to file with the Court any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as Confidential; (b) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting

party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

8. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without the Court's intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on any such challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Obligations on Conclusion of Litigation.**

  (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

  (b) **Return of Confidential Documents.** Within thirty days after this case concludes by settlement, final judgment, or final order, including any subsequent appeals, all documents designated as containing Confidential Information, including copies as defined above,

must be returned to the party who produced the document unless the parties agree to destruction of the document to the extent practicable in lieu of return.

  **(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. Such work product will continue to be confidential under this Order.

  **11.** **Order Subject to Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order shall not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

  **12.** **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

  **13.** **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. However, a party may file a motion to seek leave to reopen the action or pursue other litigation or relief as appropriate to enforce the provisions of this Order.

  **14.** **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to any Confidential Information produced in this litigation by third parties.

  **15.** **Confidential Information Subpoenaed or Ordered Produced in Other Litigation or Proceedings.** If a receiving party is served with a subpoena or an order that would compel disclosure of any material or document designated in this case as Confidential Information,

the receiving party must notify the designating party in writing as promptly as possible and in no event more than ten business days after receiving the subpoena or court order. Such notification must include a copy of the subpoena or order.

The receiving party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material requested is subject to this Protective Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this litigation an opportunity to protect its Confidential Information in the court or proceeding from which the subpoena or order issued. The designating party bears the burden and expense of seeking protection in that court or proceeding of its Confidential Information, and nothing in this Order should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another authority or court. The obligations set forth in this paragraph remain in effect while any party has in its possession, custody, or control Confidential Information produced by the other party to this case.

**16. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or otherwise prevent that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or

documents, the receiving party must return the information or documents to the producing party within seven days, regardless of whether the receiving party agrees with the claim of privilege or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.

**IT IS SO ORDERED.**

Dated: January 13, 2020, at Kansas City, Kansas.

                                                          s/ James P. O'Hara

                                                         U.S. Magistrate Judge

WE SO MOVE

and agree to abide by the
terms of this Order.

| | |
|---|---|
| */s/ Melissa Hoag Sherman* | /s/ *Michael L. Blumenthal* |
| Douglas M. Weems, KS #14771 | Michael L. Blumenthal, KS Bar #18582 |
| dweems@spencerfane.com | SEYFERTH BLUMENTHAL |
| Melissa Hoag Sherman, KS #20278 | & HARRIS LLC |
| msherman@spencerfane.com | 480 Main Street – Suite 310 |
| 6201 College Boulevard, Suite 500 | Kansas City, MO 64112 |
| Overland Park, KS 66211 | Tel: (816) 756-0700 |
| Tel: (913) 345-8100 | Fax: (816) 756-3700 |
| Fax: (913) 345-0736 | Email: mike@sbhlaw.com |
| | |
| | Kenneth M. Bello (*admitted pro hac vice*) |
| ATTORNEYS FOR PLAINTIFFS | Justin L. Engel (*admitted pro hac vice*) |
| AND COUNTERCLAIM DEFENDANT | BELLO WELSH LLP |
| | 125 Summer Street, Suite 1200 |
| | Boston, Massachusetts 02110 |
| | Tel: (617) 247-4100 |
| | Fax: (617) 247-4125 |
| | kbello@bellowelsh.com |
| | jengel@bellowelsh.com |
| | |
| | ATTORNEYS FOR DEFENDANTS |

| | |
|---|---|
| RX SAVINGS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-2439-DDC |
| ) | |
| DOUGLAS BESCH, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL REA, ) | |
| ) | |
| Counterclaim Defendant. ) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

      The undersigned hereby acknowledges that _____ has read the Agreed Protective Order entered in the above-captioned case, and attached hereto, understands the terms of the Order, and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the Court in matters relating to this Protective Order and understands that the terms of the Agreed Protective Order obligate _____ to use materials and documents designated as Confidential Information in accordance with the Order solely for the purposes of the litigation, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Agreed Protective Order.

      The undersigned acknowledges that violation of the Agreed Protective Order may result in penalties or other action.

_____
Signature

_____
Printed Name

Subscribed and sworn to before me
this _____ day of _____, 2020.

_____
Notary Public                                          **Exhibit A**