IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RX SAVINGS, LLC, et al.,**

    **Plaintiffs,**

v.

**DOUGLAS BESCH, et al.,**

    **Defendants.**

Case No. 19-2439-DDC-JPO

### MEMORANDUM AND ORDER

This matter comes before the court on plaintiffs Rx Savings, LLC, Dan Henry, David Shewmaker, Marcus #1, LLC, Carmel Strategies, LLC, and Jeffrey Carl Brown, as trustee, and counterclaim defendant Michael Rea's Motion for Partial Judgment on the Pleadings (Doc. 63). For reasons explained below, the court denies plaintiffs' and counterclaim defendants' motion without prejudice because it is moot.

**I.  Procedural Background**

This is a breach of contract action originally filed in Johnson County, Kansas District Court.  Doc. 1-4.  The case's procedural history is lengthy.  Relevant here, defendants, after removing the case to this court, reasserted counterclaims against Rx Savings, LLC and added new counterclaims against Mr. Rea in its Answer to plaintiffs' Second Amended Petition.  Doc. 10.  Plaintiffs moved to strike defendants' counterclaims against Mr. Rea—who wasn't yet a party in the case—and the new defamation counterclaim asserted against Rx Savings, LLC, which defendants opposed.  Docs. 13, 17, 23.  Defendants also filed a motion for leave to join Mr. Rea as a counterclaim defendant, and to add a defamation claim against Rx Savings, LLC. Doc. 18.

After conferring with the parties, Judge O'Hara denied plaintiffs' Motion to Strike (Doc. 13) as moot because defendants had moved for leave to join Mr. Rea and to add a defamation counterclaim. Doc. 26. Also, Judge O'Hara granted, in part, defendant's motion to join Mr. Rea as a counterclaim defendant. Doc. 32 at 3–6. But Judge O'Hara recommended that the court deny defendants' motion for leave to add a defamation claim to their counterclaims. *Id.* at 6–11.

Consistent with Judge O'Hara's Order, defendants filed a new set of four counterclaims against plaintiffs and counterclaim defendant on October 25, 2019. Doc. 44. The counterclaims did not include a defamation claim. *See id.* Plaintiffs and counterclaim defendant answered the four asserted counterclaims on November 8, 2019. Doc. 50. And, defendants never objected to Judge O'Hara's Report and Recommendation recommending that the court deny their motion to add a defamation counterclaim. Instead, defendants filed a Second Motion for Leave to Add Counterclaim (Doc. 41), seeking leave to add a defamation counterclaim and providing a proposed Amended Counterclaim that, they asserted, cured the defects Judge O'Hara had identified in his Report and Recommendation. Docs. 42, 42-1. Plaintiffs and counterclaim defendant opposed. Doc. 49.

On December 20, 2019, the court affirmed Judge O'Hara's Report and Recommendation recommending the court deny defendants' motion for leave to add a defamation counterclaim. Doc. 62 at 3. But, the court also granted defendants' Second Motion for Leave to Add Counterclaim. *Id.* at 5–10.

On December 24, 2019, plaintiffs and counterclaim defendant filed the Motion for Partial Judgment on the Pleadings (Doc. 63) currently before the court. The motion requests "that the [c]ourt enter an [o]rder granting judgment in their favor on Count I–IV of [d]efendant's Counterclaims ([D]oc. 44)[.]" *Id.* at 1. The parties fully briefed plaintiff's motion. *See* Docs.

64, 72, & 88. But, following the court's December 20 Order, defendants also filed their Amended Counterclaim on January 2, 2020, while the briefing schedule for plaintiffs' and counterclaim defendant's motion was ongoing. Doc. 66. This filing reasserted the four claims that were filed in October 2019 and added a fifth claim—the defamation claim the court had granted leave for them to file.

## II.     Discussion

Defendants' Amended Counterclaim adds a new count for defamation against Rx Savings, LLC and Mr. Rea. Doc. 66 at 10. But otherwise, the amended pleading does not change the substance of the claims defendants asserted in the Counterclaim filed on October 25, 2019 (Doc. 44). So, the parties' arguments in their briefs for the current motion remain unchanged for the latest counterclaim pleading filed in January. Nevertheless, "it is well established that an amended [pleading] ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (alteration omitted) (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (3d ed. 2010) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

Thus, the filing of an amended counterclaim renders moot any motion directed at the original counterclaim. *See Leveraged Innovations LLC v. BATS Exch., Inc.*, No. 14-2031-JTM, 2014 WL 11516547, at *1 (D. Kan. May 29, 2014) (denying plaintiff's motion to dismiss defendants' counterclaims as moot because defendants amended their counterclaims); *see also Miller v. Am. Export Lines, Inc.*, 313 F.2d 218, 218 (2d. Cir. 1963) (declaring district court's grant of summary judgment "a nullity" because the "ruling dismissed a complaint that had

already been withdrawn"); *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2018 WL 1523099, at *4 (D. Kan. Mar. 28, 2018) (denying as moot motions directed at the original complaint because plaintiff's amended complaint rendered the original complaint "a moot and inoperative pleading"); *Mochama v. Zwetow*, No. 14-2121-KHV, 2015 WL 3843247, at *2 (D. Kan. June 22, 2015) (denying as moot motions for summary judgment directed at plaintiff's second amended complaint because plaintiff had filed a third amended complaint after securing the court's leave to do so); *Capital Sols., LLC v. Konica Minolta Bus. Sols. USA, Inc.*, No. 08-2027-JWL, 2008 WL 1901396, at *1 (D. Kan. Apr. 25, 2008) (holding that a motion to dismiss directed at the original complaint "was rendered moot when [plaintiff] filed its amended complaint").

And here, plaintiffs and counterclaim defendant have directed their Motion for Partial Judgment on the Pleadings at the claims defendants asserted against them in defendants' October 25, 2019 Counterclaim (Doc. 44). Doc. 63 at 1. But, because defendants filed their Amended Counterclaim after plaintiffs' and counterclaim defendants' motion, the motion now is moot. The court thus denies plaintiffs' Motion for Partial Judgment on the Pleadings (Doc. 63) as moot but without prejudice to filing a renewed motion directed at defendants' Amended Counterclaim (Doc. 66).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs Rx Savings, Dan Henry, David Shewmaker, Marcus #1, LLC, Carmel Strategies, LLC, and Jeffrey Carl Brown, as trustee, and counterclaim defendant Michael Rea's Motion for Partial Judgment on the Pleadings (Doc. 63) is denied without prejudice because it is moot.

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
